IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALISA NELSON                                                                                    PLAINTIFF

v.                                        Case No. 4:18-cv-4145

ARKANSAS CRIME INFORMATION
CENTER                                                                                          DEFENDANT

## ORDER

Before the Court is Defendant Arkansas Crime Information Center's ("ACIC") Motion to Dismiss. (ECF No. 8). Plaintiff Alisa Nelson ("Nelson") has not filed a reply and the time to do so has passed.[1] The Court finds this matter ripe for consideration.

## BACKGROUND

On October 16, 2018, Nelson commenced this action alleging that ACIC violated her constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Nelson alleges that ACIC reported a false conviction on her criminal record in an effort to defame her and otherwise adversely affect her. Nelson further alleges that the false criminal conviction was the reason she was denied two jobs.

On December 18, 2018, ACIC filed its Motion to Dismiss, arguing that it is entitled to sovereign immunity and is not a person subject to suit under Section 1983. Nelson did not file a reply, but on December 26, 2018, Nelson filed a Motion to Proceed Without Dismissal, arguing that her case should not be dismissed.[2]

---

[1] *See* Local Rule 7.2(b).
[2] The Court considers the arguments raised in Nelson's motion in deciding whether this case should be dismissed.

# LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).[3]

## DISCUSSION

Nelson has sued ACIC in its official and individual capacity pursuant to 42 U.S.C. § 1983.[4] ACIC argues that Nelson's claims should be dismissed because ACIC is not an entity amenable to suit under Section 1983. Specifically, ACIC argues that it cannot be sued in any capacity because ACIC is immune from suit under the doctrine of sovereign immunity. Moreover, ACIC argues it cannot be sued because it is not a "person" within the meaning of Section 1983.

### I. Whether ACIC is Amenable to Suit Under Section 1983

The Court will first address whether ACIC is immune from suit under the doctrine of sovereign immunity. Then, the Court will take up whether ACIC is a "person" subject to suit

---

[3] The Court notes that Nelson, as a *pro se* plaintiff, is entitled to liberal construction of her pleadings in determining whether she has alleged sufficient facts to state a claim.
[4] The first two pages of Nelson's Complaint (ECF No. 1) are written on a form used by prisoners in the Western District of Arkansas to file *pro se* Section 1983 lawsuits. On this form, Nelson has indicated that she sues ACIC in its individual and official capacities for allegedly placing a false conviction on her criminal record. The remainder of Nelson's Complaint consists of a type-written letter restating the same allegations. The letter concludes with an unreferenced list consisting of several terms including defamation, retaliation, harassment, and torture. Due to the first pages of the Complaint being on a Section 1983 form and repetition of the same allegations in the letter, the Court construes Nelson's Complaint as only having alleged claims for violations of Section 1983.

3

under Section 1983.

## A. Sovereign Immunity

"The sovereign immunity of the States recognized in the Eleventh Amendment bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity." *Rush v. Perryman*, 2007 WL 2091745, at *3 (E.D. Ark. July 17, 2007) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996)). Arkansas and its agencies and officials have not consented to suit in federal court. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991). Moreover, Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *Id.*

In the instant case, ACIC is an Arkansas state agency and Arkansas has not consented to suit in this Court. *See* Ark. Code Ann. § 12-12-201 *et seq.*; *Burk*, 948 F.2d at 492-93. Therefore, ACIC is entitled to sovereign immunity and is immune from suit in this Court.[5,6]

## B. Whether ACIC is a Person Within the Meaning of Section 1983

Assuming *arguendo*, that ACIC is not immune from suit under doctrine of sovereign immunity, the Court will now address whether ACIC is a "person" subject to suit under Section 1983.

Under Section 1983 a "person" who deprives another of their constitutional rights while acting under the color of state law is subject to civil liability. 42 U.S.C. § 1983. Originally, the only "persons" that could be held liable under Section 1983 were natural persons. *Monell v. Dep't*

---

[5] To the extent that Nelson's Complaint (ECF No. 1) asserts any claims other than alleged violations of § 1983, the Court finds that these claims also fail because ACIC is immune from suit under the doctrine of sovereign immunity.
[6] Nelson argues that the doctrine of sovereign immunity does not exist but provides no authority to support this contention. The Court notes that the doctrine of sovereign immunity has not been abrogated. *See Burk*, 948 F.2d at 492-93.

*of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). However, the meaning of "person" for the purposes of Section 1983 has been expanded to include recognized political corporate entities. *Id.* That being said, state agencies are not persons subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 & 70 (1989).

In the instant case, ACIC is not a natural person, and the Court can find no authority establishing that an Arkansas state agency is a suable entity under Section 1983. Therefore, ACIC is not a "person" subject to suit under Section 1983.[7]

## CONCLUSION

For the foregoing reasons, the Court finds that ACIC's Motion to Dismiss (ECF No. 8) should be and hereby is **GRANTED**. In light of this ruling, Plaintiff's Motion to Proceed Without Dismissal (ECF No. 10) should be and hereby is **DENIED AS MOOT**. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[7] Nelson directs the Court to ACIC's website to establish that ACIC is a person. However, the Court finds that ACIC's website clearly shows that ACIC is an Arkansas state agency and therefore not a "person" subject to suit under Section 1983.